FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

'14 APR 29 AM 10:42

CASE NO.

5:14-cv-248-OC-10PRL

DANIEL BURNS,

Plaintiff,

vs.

NEW BERN TRANSPORT CORPORATION,
a foreign profit corporation,
d/b/a PBG and/or Pepsi Beverages Company or PBC,
a/k/a or f/k/a Pepsi Cola Bottling Group and/or
Pepsi Bottling Group,

Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, DANIEL BURNS, by and through his undersigned attorneys, and sues the Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, and states:

### I. INTRODUCTION

1. This is a proceeding for damages to redress violations of Family Medical Leave Act, 29 U.S.C. 2601, et seq. (hereinafter referred to as the "FMLA"), violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq., the Pregnancy Discrimination Act (hereinafter referred to as "PDA"), Thus, this Court has federal question jurisdiction.

2. Plaintiff was an employee of Defendant for six years and had earned two promotions.

3. Plaintiff alleges he was denied his rights protected under the FMLA. Plaintiff seeks back pay, benefits and liquidated damages.

## II. JURISDICTION

4. This action arises under the FMLA.

5. This claim exceeds $75,000.00, exclusive of costs, interest and attorneys' fees.

6. The Court has jurisdiction to grant declaratory and further relief pursuant to the FMLA and the PDA.

7. Venue is proper in the United States District Court, Middle District of Florida as the action arose in Marion County, Florida.

8. The federal court is vested with jurisdiction to order liquidated damages pursuant to the FMLA, as well as an award of attorney fees and costs under section.

## III. PARTIES

9. The Plaintiff, DANIEL BURNS, is a resident of Marion County, Florida and was all times material hereto employed by Defendant NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, as a Presale Rep.  In the year prior to his termination, Plaintiff worked in excess of 1,500 hours per year for Defendant.

10. Defendant was at all times material hereto, an employer as envisioned by the FMLA, with its principal place of business in Marion County, Florida.

11. At all times material hereto Defendant was engaged in an industry affecting commerce employing over fifty persons.

## IV. STATEMENT OF FACTS

12. Plaintiff had been working with the Defendant for six years prior to his forced resignation in April 2013.

13. Plaintiff always received favorable evaluations of his work performance.

14. In the month of January 2013, the Plaintiff's wife was scheduled to have their child delivered by Cesarean (C-section) and requested two consecutive unpaid weeks leave to care for his wife and child post labor. The Defendant denied two weeks leave, and Plaintiff was allowed to take one week of leave.

15. Plaintiff's wife had complications from the delivery of their baby and was admitted for an additional four days. Plaintiff again requested the additional week of unpaid leave from the Defendant, which was denied. The Defendant denied Plaintiff's second request for one week unpaid leave to care for his wife. Plaintiff reduced his request to two (2) days unpaid leave to care for his hospitalized wife and newborn child who was only days old.

16. Upon the Plaintiff's return to work, he was suspended for a mistake made by a substitute employee whom Defendant had used to perform Plaintiff's work while he was out on leave.

17. Shortly thereafter Plaintiff suffered from a serious medical condition caused by Defendant's harassment of Plaintiff in retaliation for his exercise of federally protected rights under the FMLA and the PDA.

18. Plaintiff complied with the necessary procedures to avail himself to rights as guaranteed by the FMLA and was granted leave. Further, Plaintiff complied with all conditions precedent under the PDA.

19. The actions of Defendant were willful.

### COUNT I: RETALIATORY WORKPLACE HARASSMENT - FAMILY MEDICAL LEAVE ACT (FMLA)

20. Plaintiff realleges and reaffirms the allegations of Paragraphs 1 through 19 above and for further allegation and statement of cause of action shows:

21. Plaintiff was at all time material hereto an employee of the Defendant.

22. In January 2013 Plaintiff requested two (2) weeks' FMLA leave for his wife's scheduled C-section. This request was denied because the Defendant said that was super bowl week.

23. Plaintiff again made a request for leave under the FMLA when his wife was hospitalized for an additional four days due to complications form giving birth. Plaintiff finally was allowed only two days of unpaid leave under the FMLA to care for his hospitalized wife and newborn child.

24. Upon Plaintiff's return to work from family medical leave, District Unit Sales Manager Chuck Adams, who had supervisory control and authority over the Plaintiff, immediately began a campaign of harassment by more closely monitoring each of the Plaintiff's delivery stops in an attempt to find out-of-date stock on his route and undermine Plaintiff in the eyes of the customer.

25. District Unit Sales Manager Chuck Adams also applied more difficult objectives to Plaintiff than his similarly situated co-employees for retaliatory purposes.

26. All of the foregoing acts of the District Unit Sales Manager Chuck Adams were committed with the express intent to retaliate against Plaintiff for exercise of his rights under the FMLA.

27. Defendant thus has violated the FMLA, specifically the Anti-Retaliation provisions.

28. This conduct was severe and pervasive.

29. This conduct unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile work environment.

30. The acts by the Defendant listed above caused severe emotional distress to the Plaintiff.

31. But for Plaintiff's exercise of rights under the FMLA, Plaintiff would not have suffered the retaliatory harassment by the Defendant.

32. Plaintiff respectfully requests relief under the FMLA including, but not limited to:

    a. compensatory damages for back pay, loss of income, benefits, and out-of-pocket expenses;

    b. an award of liquidated damages in the same amount as loss of back pay income, benefits, and out-of-pocket expenses;

    c. front pay;

    d. damages for emotional distress; and

    e. attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3); 29 F.R.D. § 400(c).

33. The actions of Defendant were willful.

34. Plaintiff has performed all conditions precedent to the filing of this action by filing the appropriate administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC") well within the statutory limit.

WHEREFORE, Plaintiff, DANIEL BURNS, demands judgment against the Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, for damages including liquidated damages, costs, attorney's fees, and for such other and further relief as this Court deems just and proper pursuant to ther FMLA. Attorney's fees and costs are requested under 29 U.S.C. 2617(a)(3), C.F.R. § 825.400.

## COUNT II: RETALIATORY WORKPLACE HARASSMENT - PREGNANCY DISCRIMINATION ACT (PDA)

35. Plaintiff realleges and reaffirms the allegations of Paragraphs 1 through 19 above and for further allegation and statement of cause of action shows:

36. Plaintiff was at all time material hereto an employee of the Defendant.

37. In January 2013 Plaintiff requested two (2) weeks' PDA leave for his wife's scheduled C-section. This request was denied because the Defendant said that was super bowl week.

38. Plaintiff again made a request for leave under the PDA when his wife was hospitalized for an additional four days due to complications form giving birth. Plaintiff finally was allowed only two days of unpaid leave under the PDA to care for his hospitalized wife and newborn child.

39. Upon Plaintiff's return to work from family medical leave, District Unit Sales Manager Chuck Adams, who had supervisory control and authority over the Plaintiff, immediately began a campaign of harassment by more closely monitoring each of the Plaintiff's delivery stops in an attempt to find out-of-date stock on his route and undermine Plaintiff in the eyes of the customer.

40. District Unit Sales Manager Chuck Adams also applied more difficult objectives to Plaintiff than his similarly situated co-employees for retaliatory purposes.

41. All of the foregoing acts of the District Unit Sales Manager Chuck Adams were committed with the express intent to retaliate against Plaintiff for exercise of his rights under the FMLA.

42. Defendant thus has violated the FMLA, specifically the Anti-Retaliation provisions.

43. This conduct was severe and pervasive.

44. This conduct unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile work environment.

45. The acts by the Defendant listed above caused severe emotional distress to the Plaintiff.

46. But for Plaintiff's exercise of rights under the FMLA, Plaintiff would not have suffered the retaliatory harassment by the Defendant.

47. Plaintiff respectfully requests relief under the FMLA including, but not limited to:

a. compensatory damages for back pay, loss of income, benefits, and out-of-pocket expenses;

b. an award of liquidated damages in the same amount as loss of back pay income, benefits, and out-of-pocket expenses;

c. front pay;

d. damages for emotional distress; and

e. attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3); 29 F.R.D. § 400(c).

48. The actions of Defendant were willful.

49. Plaintiff has performed all conditions precedent to the filing of this action by filing the appropriate administrative charge with the U.S. Equal Employment Opportunity Commission ("EEOC") well within the statutory limit.

WHEREFORE, Plaintiff, DANIEL BURNS, demands judgment against the Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group,

for damages including compensatory damages for back pay, loss of income, benefits, and out-of-pocket expenses; front pay; damages for emotional distress; and attorney's fees and costs, and for such other and further relief as this Court deems just and proper pursuant to the PDA and Title VII. Attorney's fees and costs are requested under the Pregnancy Discrimination Act and Title VII.

### COUNT III: CONSTRUCTIVE DISCHARGE UNDER THE FAMILY MEDICAL LEAVE ACT (FMLA)

50. Plaintiff herein realleges and reaffirms the allegations of Paragraphs 1 through 19 above and for further allegations and would state a cause action shows:

51. Plaintiff requested family medical leave. Defendant granted family medical leave.

52. Defendant suspended Plaintiff for mistakes made by another employee when Plaintiff was out on leave.

53. Defendant began to harass and badger Plaintiff. The Defendant started placing high quantities of out of date items on Plaintiff's delivery route in an attempt to manufacture further disciplinary actions against Plaintiff for not complying with Defendant's protocols. The Defendant was attempting to give Plaintiff's delivery route to other employees, deliberately forcing Plaintiff's resignation or justify Plaintiff's ultimate termination from employment with Defendant.

54. Plaintiff's health was deteriorating due to the constant harassment from the District Unit Sales Manager Chuck Adams. Plaintiff's working conditions became so intolerable that he was forced to resign.

55. Plaintiff was advised by his doctors to reduce his exposure to the hostile environment at work created by District Unit Sales Manager Chuck Adams. The conditions as described herein were deliberately imposed by Defendant through Adams.

56. The actions of the Defendant were willful and a deliberate violation of the FMLA.

WHEREFORE, Plaintiff, DANIEL BURNS, demands judgment against Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, for damages, including liquidated damages, costs, attorneys' fees and such other further relief as this Court deems just and proper pursuant to the FMLA. Attorneys' fees are particularly requested under 29 U.S.C. 2617(a)(3), C.F.R. § 825.400.

### COUNT IV: CONSTRUCTIVE DISCHARGE UNDER THE PREGNANCY DISCRIMINATION ACT (PDA)

57. Plaintiff herein realleges and reaffirms the allegations of Paragraphs 1 through 19 above and for further allegations and would state a cause action shows:

58. Plaintiff requested family medical leave. Defendant granted family medical leave.

59. Defendant suspended Plaintiff for mistakes made by another employee when Plaintiff was out on leave.

60. Defendant began to harass and badger Plaintiff. The Defendant started placing high quantities of out of date items on Plaintiff's delivery route in an attempt to manufacture further disciplinary actions against Plaintiff for not complying with Defendant's protocols. The Defendant was attempting to give Plaintiff's delivery route to other employees, deliberately forcing Plaintiff's resignation or justify Plaintiff's ultimate termination from employment with Defendant.

61. Plaintiff's health was deteriorating due to the constant harassment from the District Unit Sales Manager Chuck Adams. Plaintiff's working conditions became so intolerable that he was forced to resign.

62. Plaintiff was advised by his doctors to reduce his exposure to the hostile environment at work created by District Unit Sales Manager Chuck Adams. The conditions as described herein were deliberately imposed by Defendant through Adams.

63. The actions of the Defendant were willful and a deliberate violation of the FMLA.

WHEREFORE, Plaintiff, DANIEL BURNS, demands judgment against Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, for damages, costs, attorneys' fees and such other further relief as this Court deems just and proper pursuant to Title VII. Attorneys' fees are particularly requested under § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k) and the Pregnancy Discrimination Act.

## COUNT V: CONSTRUCTIVE DISCHARGE
## UNDER THE FLORIDA CIVIL RIGHTS ACT (FCRA)

64. Plaintiff herein realleges and reaffirms the allegations of Paragraphs 1 through 19 above and for further allegations and would state a cause action shows:

65. Plaintiff requested family medical leave. Defendant granted family medical leave.

66. Defendant suspended Plaintiff for mistakes made by another employee when Plaintiff was out on leave.

67. Defendant began to harass and badger Plaintiff. The Defendant started placing high quantities of out of date items on Plaintiff's delivery route in an attempt to manufacture further disciplinary actions against Plaintiff for not complying with Defendant's protocols. The Defendant was attempting to give Plaintiff's delivery route to other employees, deliberately forcing Plaintiff's resignation or justify Plaintiff's ultimate termination from employment with Defendant.

68. Plaintiff's health was deteriorating due to the constant harassment from the District Unit Sales Manager Chuck Adams. Plaintiff's working conditions became so intolerable that he was forced to resign.

69. Plaintiff was advised by his doctors to reduce his exposure to the hostile environment at work created by District Unit Sales Manager Chuck Adams. The conditions as described herein were deliberately imposed by Defendant through Adams.

70. The actions of the Defendant were willful and a deliberate violation of the FMLA.

WHEREFORE, Plaintiff, DANIEL BURNS, demands judgment against Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, for damages (compensatory and punitive), costs, attorneys' fees and such other further relief as this Court deems just and proper pursuant to Florida Statutes § 760 et seq. Attorneys' fees are particularly requested under Florida Statutes § 760.11(5).

## COUNT VI: RETALIATION UNDER THE PREGNANCY DISCRIMINATION ACT (PDA)

71. Plaintiff herein realleges and reaffirms the allegations of Paragraphs 1 through 19 above and for further allegation and statement of cause of action shows:

72. Plaintiff was at all time material hereto an employee of the Defendant.

73. In January 2013, Plaintiff requested two weeks' FMLA leave for his wife's scheduled C-section. This request was denied because the Defendant said that was super bowl week.

74. Plaintiff was eventually allowed only two days of unpaid leave under the FMLA to care for his hospitalized wife and newborn child.

75. Upon Plaintiff's return to work from family medica leave, District Unit Sales Manager Chuck Adams immediately began a campaign of harassment by suspending the Plaintiff from work. Additionally, District Unit Sales Manager Chuck Adams started following behind each of the Plaintiff's delivery stops in an attempt to find out-of-date stock on his route to find reasons to discipline Plaintiff.

76. District Unit Sales Manager Chuck Adams also applied more difficult objectives to Plaintiff than his similarly situated co-employees.

77. All of the foregoing acts of the District Unit Sales Manager Chuck Adams were committed with the express intent to retaliate against Plaintiff for his exercises of his rights under the PDA.

78. But for Plaintiff's exercise of rights under the PDA, Plaintiff would not have suffered the retaliatory harassment by the Defendant.

79. Defendant violated the PDA by retaliating against Plaintiff for exercising his rights under the PDA.

80. The actions of the Defendant were willful.

WHEREFORE, Plaintiff, DANIEL BURNS, demands judgment against Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, for damages, costs, attorneys' fees and such other and further relief as this Court deems just and proper pursuant to the PDA. Attorneys' fees and costs are requested under by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

## COUNT VI: RETALIATORY SUSPENSION UNDER
## THE FAMILY MEDICAL LEAVE ACT (FMLA)

81. Plaintiff herein realleges and reaffirms the allegations of Paragraphs 1 through 19 above and for further allegation and statement of cause of action shows:

82. Plaintiff was at all time material hereto an employee of the Defendant.

83. In January 2013, Plaintiff requested two weeks' FMLA leave for his wife's scheduled C-section. This request was denied because the Defendant said that was super bowl week.

84. Plaintiff was eventually allowed only two days of unpaid leave under the FMLA to care for his hospitalized wife and newborn child.

85. Upon Plaintiff's return to work from family medical leave, District Unit Sales Manager Chuck Adams immediately began a campaign of harassment by suspending the Plaintiff from work causing Plaintiff to lose income and created a negative employee disciplinary record.

86. The actions of the Defendant were willful.

WHEREFORE, Plaintiff, DANIEL BURNS, demands judgment against Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, for damages, including liquidated damages, costs, attorneys' fees and such other and further relief as this Court deems just and proper pursuant to the FMLA. Attorneys' fees and costs are requested under by 29 U.S.C. 2617(a)(3), C.F.R. § 825.400.

## COUNT VIII: RETALIATORY SUSPENSION UNDER
## THE PREGNANCY DISCRIMINATION ACT (PDA)

87. Plaintiff herein realleges and reaffirms the allegations of Paragraphs 1 through 19 above and for further allegation and statement of cause of action shows:

88. Plaintiff was at all time material hereto an employee of the Defendant.

89. In January 2013, Plaintiff requested two weeks' FMLA leave for his wife's scheduled

C-section. This request was denied because the Defendant said that was super bowl week.

90. Plaintiff was eventually allowed only two days of unpaid leave under the FMLA to care for his hospitalized wife and newborn child.

91. Upon Plaintiff's return to work from family medical leave, District Unit Sales Manager Chuck Adams immediately began a campaign of harassment by suspending the Plaintiff from work.

92. The actions of the Defendant were willful.

WHEREFORE, Plaintiff, DANIEL BURNS, demands judgment against Defendant, NEW BERN TRANSPORT CORPORATION, a foreign profit corporation, d/b/a PBG and/or Pepsi Beverages Company or PBC, a/k/a or f/k/a Pepsi Cola Bottling Group and/or Pepsi Bottling Group, for damages, costs, attorneys' fees and such other and further relief as this Court deems just and proper pursuant to the PDA. Attorneys' fees and costs are requested under by § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

## DEMAND FOR JURY TRIAL

Plaintiff demand a jury by trial on all issues so triable.

>Respectfully submitted,
>CHRISTOPHER J. RUSH & ASSOCIATES, P.A.
>Attorneys for Plaintiff
>1880 North Congress Avenue, Suite 205
>Boynton Beach, FL 33426
>561-369-3331
>561-369-5902 (fax)
>E-mail: kthompson@crushlawfl.com
>
>By_____
>Kurt K. Thompson (FBN 96150)